UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO. 3:23-cv-30013

_____

SHERRI MARTOWSKI

Plaintiff

v.

TOWN OF WARREN,
GERALD MILLETTE,
ALEX SINNI, JOHN DOE, and
SHAWN MORIN

Defendants

_____

## SECOND AMENDED COMPLAINT

## PARTIES

1. The Plaintiff, Sherri Martowski is a natural person, and at all times relevant to this complaint, has resided in Palmer, Hampden County, Massachusetts.

2. The defendant, Town of Warren, Massachusetts is a public employer in the Commonwealth of Massachusetts.

3. Defendant, Shawn Morin was, at all times pertinent to this Complaint, an employee of the Town of Warren and served as a WPD police officer. At all relevant times, Morin acted as an agent, servant, and employee of the Town of Warren. This action asserts claims against Morin in his official

1

and individual capacities.

4. Defendant, Alex Sinni was, at all times pertinent to this Complaint, an employee of the Town of Warren and served as a WPD police officer. At all relevant times, Sinni acted as an agent, servant, and employee of the Town of Warren. This action asserts claims against Sinni in his official and individual capacities.

5. Defendant, Gerald Millette, is an employee of the Town of Warren, and at all times relevant to this Complaint, served as the Chief of Police of the Warren Police Department ("WPD"), and supervises all WPD employees, including Defendants Alex Sinni, and Shawn Morin, and John Doe. Gerald Millette acted in a supervisory capacity and as an agent, servant, and employee of the Town of Warren. This action asserts claims against Gerald Millette in his supervisory, official, and individual capacities.

6. Defendant, John Doe, is an employee of the Town of Warren and serves as an WPD police officer. Doe is a Sergeant in WPD and acted in a supervisory capacity and as an agent, servant, and employee of the Town of Warren at all relevant times. This action asserts claims against Doe in his supervisory, official, and individual capacities.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 over the federal claims concerning violations of the Fourth and Fourteenth

Amendments and 42 U.S.C.§1985(3). This Court also has supplemental jurisdiction under 28U.S.C.§1367over the related claims under state law.

8. Venue is proper in this judicial district under 28 U.S.C. § 1391, because the events giving rise to this civil action occurred in this judicial district.

9. This Court has personal jurisdiction over Defendant Town of Warren, a municipality within the Commonwealth of Massachusetts, and over all individual Defendants because they reside in the Commonwealth of Massachusetts and they are employed by the Town of Warren, a municipality within the Commonwealth of Massachusetts.

## FACTUAL ALLEGATIONS

10. On or about October 18, 2019, Sherri Martowski was operating her motor vehicle lawfully on Main St., in Warren MA, when Officer Alex Sinni stopped her for an alleged expired license.  Ms. Martowski had just finished her shift as a waitress in at CJ's Restaurant in Palmer, MA.

11. Despite demonstrating a valid Florida license, Martowski was detained, subjected to field sobriety tests, and arrested for OUI. Martowski was arrested (without probable cause) and subsequently booked at the Warren Police station. This was a violation of Ms. Martowski's Civil Rights

12. After being required to exit from her vehicle, Officers Sinni and Shawn Morin cut off Martowski's work apron with a knife, causing her extreme emotional distress.

13. During the booking process, Officer Shawn Morin verbally and physically

3

abused Ms. Martowski.

14. Moreover, Officer Morin also used unreasonable force, despite Ms. Martowski's cooperation, Morin unnecessarily physically removed jewelry from Ms. Martowski's body, grabbing and twisting Sherri's arm, causing injury to a previously injured shoulder, and subsequently slamming her against the bench and wall.

15. Moreover, when Martowski attempted to blow the breathalyzer, former Officer Morin slammed the machine, took the intake valve from Martowski and shouted "Refusal".  This violated her constitutional rights.

16. The Warren Police also failed to return Sherri's prescription eyeglasses and several valuable coins taken from her person.

17. Former Officer Morin was recently arrested for domestic violence, and apparently continues to have a problem with women who drink alcohol, (which in itself is not a crime), and has shown a pattern of using excessive force against innocent women.

18. Additionally it is clear that the Town of Warren, and the Police Department failed to properly train and supervise it's officers with regard to the treatment of persons detained and/or arrested.

19. As a result, Sherri Martowski has suffered injuries, both physical and emotional, has undergone extensive medical treatment and psychiatric counseling/treatment, and has incurred medical bills and loss of income, as well.

20.  Officer Morin due to his verbal harassment of Ms. Martowski, during booking, and his use of unnecessary force, violated the following Warren Police

Department Policies & Procedures and Rules and Regulations:

1.  WPDRR Rule 4.1 (Conduct Unbecoming an Officer).

2.  WPDRR Rule 6.2 (Incompetence)

3.  WPDRR Rule 10.15 Crimminal Conduct)

4.  WPDPP #1.01 (Use of Force)

21. On October 30, 2020 a presentment letter was sent to Nancy J. Lowell, Town

Clerk, and John Nason, Chairman of the Board of Selectman pursuant to c. 258.

(see letter attached as Exhibit "A' and incorporated herein by reference.)

22. The Town has denied said claim.

## COUNT I

### (Violation of Fourth and Fourteenth Amendments: False Arrest pursuant to 42 U.S.C. § 1983)

23. Ms. Martowski realleges and incorporates each and every allegation contained

in the preceding paragraphs.

24. . At all relevant times, Defendants Sinni, Doe, Morin, Millette, and Morin.

were employed by the Town of Warren and acted "under color of state law" within the

meaning of 42 U.S.C. § 1983.

25. The Defendants arrested Ms. Martowski. The Defendants did not have probable

cause to arrest Ms. Martowski.

26. By falsely arresting Ms. Martowski, Defendants Sinni and Morin deprived Mr.

Henry Ms. Martowski of her clearly established rights under the Fourth and

Fourteenth Amendments to be free from illegal seizure.

27. As a direct and proximate cause of such acts, Defendants Sinni and Morin deprived Ms. Martowski of her Fourth and Fourteenth Amendment rights, in violation of 42 U.S.C. § 1983.

**COUNT II**
**(Violation of Fourth and Fourteenth Amendments: Excessive Force**
**pursuant to 42 U.S.C. § 1983)**

28. Ms. Martowski realleges and incorporates each and every allegation contained in the preceding paragraphs.

29. At all relevant times, Defendants Morin and Sinni were employed by the Town of Warrren, and acted "under color of state law" within the meaning of 42 U.S.C. § 1983.

30. In detaining Ms. Martowski , Defendants Morin and Sinni separately, and jointly and in concert used excessive and unreasonable force against her by using excessive and unreasonable force against Ms. Martowski, Defendants Morin and Sinni deprived plaintiff of her clearly established rights under the Fourth and Fourteenth Amendments to be free from excessive and unreasonable force.

31. As a result of the excessive and unreasonable force that Defendants Morin and Sinni used, Ms. Martowski suffered damages.

**COUNT III**

**(Violation of Massachusetts Civil Rights Act: Excessive Force)**

32. Ms. Martowski realleges and incorporates each and every allegation contained

in the preceding paragraphs.

33.  Defendants Sinni and Morin used excessive force against Ms. Martowski, which acted as a threat, intimidation, or coercion and forced her to give up her fundamental right to be free of unreasonable seizure.

34. By the acts and omissions described above, Sinni and Morin deprived Ms. Martowski of her right to be free of unreasonable seizure as guaranteed under federal and state law in violation of the Massachusetts Civil Rights Act.

## COUNT IV
### (Assault and Battery)

35. Ms. Martowski realleges and incorporates each and every allegation contained in the preceding paragraphs.

36.  By using excessive and unjustified force against Ms. Martowski, Defendants Sinni and Morin, separately, jointly and in concert, intentionally and without justification or excuse caused Ms. Martowski to suffer physical injuries.

37. As a result of Defendants Sinni and Morin's unjustified physical battery of Ms. Martowski, she suffered damages.

## COUNT V
### (Defamation)

38. Ms. Martowski realleges and incorporates each and every allegation contained in the preceding paragraphs.

39.  Ms. Martowski is a private figure under the laws of defamation and libel.

40. The false statements made by Defendants Sinni and Morin, in the police report

were of and concerning Ms. Martowski, defamatory, and made with reckless disregard for their truth.

41. The defamatory statements made by Defendants Sinni and Morin were published to third parties with the knowledge that such publication would harm the reputation, standing, and employment situation of Ms. Martowski.

42. The statements made by Sinni and Morin allege that Ms. Martowski engaged in criminal conduct, and such allegations, which are false, are per se defamatory.

43. The statements made by Defendants Sinni and Morin prejudiced Ms. Martowski's profession and business and such allegations, which are false, are per se defamatory.

44. As a proximate cause of the publishing of the false and malicious libel on the Warren Police Facebook page, Ms. Martowski's reputation, both personally and professionally, has been greatly damaged and he has been subjected to humiliation, scorn and ridicule, and impaired her standing in the community.

45. The defamatory statements resulted in damage to Ms. Martowski's career and reputation as a massage therapist as well as severe mental anguish and suffering, loss of income, loss of earning capacity, and loss of business opportunities.

## Count VI
### (Supervisory Liability)

46. Ms. Martowski realleges and reincorporates each and every allegation contained in the prior paragraphs.

8

47. By unlawfully seizing Ms. Martowski, using excessive force against Ms. Martowski, committing equal protection violations against Ms. Martowski, and conspiring to violate her civil rights, Defendants Doe, Sinni, Morin, and Millette violated Ms. Martowski's constitutional rights.

48. At all relevant times, Defendant Gerald Millette, as the head of WPD, supervised Defendants Doe, Sinni, Morin, and Millette.

49. At all relevant times, Defendant Doe, as a Sergeant at WPD, supervised Defendants Sinni, and Morin.

50. Defendants Doe and Millette's deliberate indifference and negligent failure to provide adequate training to and supervision of their employees was a direct and cause of the violation of Ms. Martowski's rights.

51. As a result of Defendants Doe and Millette's deliberate indifference, Ms. Martowski suffered damages including, but not limited to monetary damages, medical bills, emotional distress, physical injury, and other injury, as will be shown at trial.

## **COUNT VII**

**(Violation of Fourth and Fourteenth Amendments:
Unreasonable Search pursuant to 42 U.S.C. § 1983)**

52. Plaintiff realleges and incorporates each and every allegation contained in the preceding paragraphs.

53. At all relevant times, Defendants Sean Morin and Alex Sinni were employed by the Town of Warren and acted "under color of state law" within the meaning of

42 U.S.C. §1983.

54. Defendants Sinni and Morin deprived Ms. Martowski of her right to be free from illegal search, without any probable cause of criminality or reasonable suspicion that plaintiff was committing a criminal act, by searching her person.

55. Defendant Fitzpatrick deprived plaintiff of her right to be free from illegal search by searching her vehicle.

56. As a direct and proximate cause of such acts, Defendants Morin and Sinni deprived Ms. Martowski of her Fourth and Fourteenth Amendment rights, in violation of 42 U.S.C. § 1983.

## COUNT VIII

### (Negligence- Town of Warren)

57. The plaintiff realleges the allegations made in the foregoing paragraphs, and incorporate those allegations by reference as if fully restated herein.

58. The defendant, Town of Warren was negligent in that the town, its agents, servants, and/or employees was negligent in the protection, and/or care of Sherri Martowski, while in custody, causing her to suffer personal injuries and emotional distress necessitating in medical and psychiatric treatment.

## COUNT IX

### (Negligent infliction of Emotional Distress- Town of Warren)

59. The plaintiff realleges the allegations made in the foregoing paragraphs, and incorporate those allegations by reference as if fully restated herein.

10

60. As a result of the Town of Warren, its agents, servants, and/or employees' actions, the plaintiff suffered emotional distress, and other damages as will be shown at trial.

## COUNT X

**(Negligence- Shawn Morin and Alex Sinni)**

61. The plaintiff realleges the allegations made in the foregoing paragraphs, and incorporate those allegations by reference as if fully restated herein.

62. The defendants, Shawn Morin and Alex Sinni were negligent in their handling of Sherri Martowski during the arrest and booking process, causing her personal injury, necessitating in medical treatment, as will be further shown at trial.

## COUNT XI

**(Intentional infliction of emotional distress- Shawn Morin, Alex Sinni)**

63.  The plaintiff realleges the allegations made in the foregoing paragraphs, and incorporate those allegations by reference as if fully restated herein.

64. The intentional actions of Morin and Sinni have caused Sherri Martowski to suffer psychological damage, inability to work, necessitating in treatment, and other damages as will be shown at trial.

## COUNT XII

**(Negligent infliction of emotional distress- Shawn Morin/Alex Sinni)**

65. The plaintiff realleges the allegations made in the foregoing paragraphs, and incorporate those allegations by reference as if fully restated herein.

66. The intentional actions of Morin and Sinni have caused Sherri Martowski to suffer psychological damage, inability to work, necessitating in treatment, and other damages as will be shown at trial.

## COUNT XIII

**(Reckless infliction of emotional distress- Shawn Morin/Alex Sinni)**

67. The plaintiff realleges the allegations made in the foregoing paragraphs, and incorporate those allegations by reference as if fully restated herein.

68. The actions of Morin and Sinni, which said defendants knew or should have known would cause Martowski injury and psychological harm, have caused Sherri Martowski to suffer psychological damage, inability to work, necessitating in treatment, and other damages as will be shown at trial.

## COUNT XIV

**(False Imprisonment- Shawn Morin, Alex Sinni)**

69. The plaintiff realleges the allegations made in the foregoing paragraphs and incorporate those allegations by reference as if fully restated herein.

70. By arresting and imprisoning the plaintiff without probable cause, the plaintiff's rights to search and seizure were violated, and therefore, plaintiff was falsely imprisoned.

71. The actions of Morin and Sinni have caused Sherri Martowski to suffer

12

psychological damage, inability to work, necessitating in treatment, and other damages as will be shown at trial.

WHEREFORE, THE PLAINTIFF DEMANDS JUDGMENT AGAINST THE TOWN OF WARREN, ITS AGENTS, SEVANTS, AND/OR EMPLOYEES, SEAN MORIN, ALEX SINNI, JOHN DOE, AND GERALD MILLETTE, AS POLICE OFFICERS, AND IN THEIR INDIVIDUAL CAPACITIES, MONETARY DAMAGES, COSTS, INTEREST. AND ATTORNEYS FEES, ALONG WITH PUNITIVE DAMAGES FOR VIOLATION OF PLAINTIFF'S CIVIL RIGHTS, AND OTHER WRONGS, AND ANY ADDITIONAL RELIEF THIS HONORABLE COURT DEEMS PROPER.

### Jury Demand

**The plaintiff demands a trial by Jury on all claims properly tried by a Jury.**

Dated: September 19, 2023

The Plaintiff,
By her attorney,

_____

David A. Mech, Esq.
1 Crescent Hill
Springfield MA 01105
413-734-1070
Fax 413-747-7609
BBO 551091
gignation@gmail.com

### CERTIFICATE OF SERVICE

I, David A. Mech, hereby certify, I serve the above Second Amended filing electronically to Nancy Pelletier defendants attorney of record through ECF.

13

14

SIGNED UNDER THE PENALTY OF PERJURY THIS 18TH DAY OF OCTOBER 2023

_____

David A. Mech, Esq.

14